## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

KOKAK, LLC d/b/a PROFESSIONAL
VAULT STORAGE,

        Plaintiff,

        v.

AUTO-OWNERS INSURANCE
COMPANY,

        Defendant.

CAUSE NO.: 2:18-CV-177-TLS-APR

## OPINION AND ORDER

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Complaint alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (Compl. ¶ 10, ECF No. 1.)[1] Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). As the party seeking to invoke this Court's jurisdiction, the Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). A failure to meet that burden can result in a dismissal. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). In this case, the

---

[1] The Complaint also alleges that the Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Compl. ¶ 9). However, the Declaratory Judgement Act does not provide an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950).

Plaintiff has sufficiently alleged the citizenship of the Defendant and that the amount in controversy exceeds $75,000.

However, the Complaint alleges that the Plaintiff, Kokak, LLC "is a for profit company with a principal place of business in Indiana." (Compl. ¶ 5.) This allegation of citizenship is deficient because a limited liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies, the Plaintiff must also plead the citizenship of those members as of the date the Complaint was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

Accordingly, the Court ORDERS the Plaintiff to FILE, on or before, **July 1, 2019**, a supplemental jurisdictional statement identifying the citizenship on April 27, 2018, the date the Complaint was filed, each of the members of Kokak, LLC and, if any of the members themselves have members, the citizenship of those members, and so on until the citizenship of all owners and members of members have been identified.

SO ORDERED on June 17, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT