UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KOKAK LLC d/b/a PROFESSIONAL VAULT STORAGE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:18-cv-177 ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

This matter is before the court on the Motion to Compel Production of Documents from Plaintiff [DE 26], and the Motion to Strike Plaintiff's Untimely Response to Motion to Compel [DE 32] filed by the defendant, Auto-Owners Insurance Company, on May 28, 2019 and June 25, 2019. For the following reasons, the Motion to Compel Production of Documents from Plaintiff [DE 26] is **GRANTED in part and DENIED in part**, and the Motion to Strike Plaintiff's Untimely Response to Motion to Compel [DE 32] is **DENIED.**

*Background*

The plaintiff, Kokak, LLC d/b/a Professional Vault Storage, initiated this matter against the defendant, Auto-Owners Insurance Company, to compel appraisal and for breach of contract on April 27, 2018. On March 14, 2019, Auto-Owners issued a Rule 30(b)(6) Notice of Deposition and Subpoena Duces Tecum to Kokak intended to take the deposition of a Kokak representative. The notice and subpoena contained Exhibit B, which commanded production of documents at the deposition. On April 2, 2019 and April 22, 2019, Auto-Owners served amended Rule 30(b)(6) notices and subpoenas to Kokak rescheduling the date of the depositions.

The amended notices and subpoenas contained the same Exhibit B as originally served on Kokak.

The depositions of Kokak's Rule 30(b)(6) representatives, Joshua Milton and Frederick Leaf, were held on April 30, 2019. Kokak did not object to any of the deposition topics or the documents requested in Exhibit B prior to the depositions. However, Kokak appeared at the depositions without any documentation. On May 15, 2019, Auto-Owners sent correspondence to Kokak's counsel demanding that Kokak produce the documents requested in Exhibit B within 7 days. However, Kokak did not respond to the request.

Auto-Owners has filed the instant motion requesting the court to compel Kokak to produce the documents responsive to the requests found in Exhibit B and for all reasonable expenses incurred in making the instant motion. Auto-Owners filed a separate Northern District of Indiana Local Rule 37-1 certification [DE 28] outlining the steps it took in attempting to resolve this discovery dispute in good faith. Kokak filed its response to the motion to compel on June 18, 2019. According to N.D. Ind. L.R. 7-1(d)(2)(a), Kokak's response was due on June 11, 2019. Auto-Owners has filed a motion requesting that Kokak's untimely response be stricken. Kokak filed a response to the motion to strike on July 8, 2019, and Auto-Owners filed a reply on July 15, 2019.

*Discussion*

The court first will address Auto-Owners' motion to strike Kokak's untimely response to the motion to compel. Auto-Owners filed the motion to compel on May 28, 2019. Pursuant to **N.D. Ind. L.R. 7-1(d)(2)(a),** a party must file any response brief to a motion within 14 days after the motion is served. Kokak, without seeking an extension, filed its response on June 18, 2019. Motions to strike generally are disfavored, although they may be granted if they remove

unnecessary clutter from a case and expedite matters, rather than delay them. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Doe v. Brimfield Grade School*, 552 F. Supp. 2d 816, 825 (C.D. Ill. 2008). The decision whether to strike is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

Kokak has indicated that it delayed filing a response to the motion to compel so that the responsive documents could be provided to Auto-Owners and the affidavits of its representatives could be filed with the response. Kokak contends that Auto-Owners was not prejudiced by its late filing and that it has provided all responsive documents in its possession. Kokak has not offered any reason for its delay in producing the requested documents nor has it provided sufficient justification for failing to seek an extension from the court. However, the court finds that failing to consider the merits of the motion to compel will only delay this case further. Accordingly, the Motion to Strike Plaintiff's Untimely Response to Motion to Compel [DE 32] is **DENIED.**

Next, the court will address Kokak's argument that Auto-Owners did not comply with N.D. Ind. L.R. 37-1. "A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." **N.D. Ind. L.R. 37-1(a)**. The certification must include the date, time, and place of any conference or attempted conference and the names of any participating parties. **N.D. Ind. L.R. 37-1(a)(1) and (2)**. The court may deny any motion that failed to include the required certification. **N.D. Ind. L.R. 37-1(b)**.

Kokak's contention that Auto-Owners did not file a "separate certification" is without

3

merit. In accordance with N.D. Ind. L.R. 37-1, Auto-Owners filed a certification outlining its efforts in obtaining the outstanding discovery. However, the court agrees with Kokak that one letter sent on May 15, 2019 was not sufficient to meet the requirements of Local Rule 37-1. *See* ***Thompson v. City of Fort Wayne,*** 2013 WL 2898275, at *1 (N.D. Ind. 2013) ("But a single e-mail sent to counsel, and that counsel's response, falls utterly short of a good faith attempt at a conference."); *see also* ***Forest River Housing, Inc. v. Patriot Homes, Inc.,*** 2007 WL 1376289, at *2 (N.D. Ind. 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."). Despite Auto-Owners failure to meet the requirements of Local Rule 37-1, the court will address the underlying issues rather than denying Auto-Owners' motion based on a procedural shortcoming and simply delay a resolution of this dispute. *See* ***Felling v. Knight***, 2001 WL 1782361, at *1 (S.D. Ind. 2001) ("[T]he briefs leave little doubt the parties will not reach mutual agreement on the issues raised. Therefore, the court will address the underlying issues rather than deny Knight's motion solely on the basis of a procedural shortcoming. To hold otherwise would do little other than delay resolution of these issues . . . ").

Pursuant to **Federal Rule of Civil Procedure 26,** the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978) (citing ***Hickman v. Taylor***, 329 U.S. 495, 501 (1947)).

A party may seek an order to compel discovery when an opposing party fails to respond

to discovery requests or has provided evasive or incomplete responses. *See* **Federal Rule of Civil Procedure 37(a)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Gregg v. Local 305 Ibew***, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citation omitted). The objecting party must show with specificity that the request is improper. ***Cunningham v. Smithkline Beecham***, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citation omitted). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." ***Cunningham***, 255 F.R.D. at 478 (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." ***Berning v. UAW Local 2209***, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (internal quotations and citations omitted); *see* ***Hunt v. DaVita, Inc.***, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

Auto-Owners has requested that the court compel Kokak to produce all of the documents in its possession, custody, or control requested in the Rider included as Exhibit B in Auto-Owners' Rule 30(b)(6) Notice of Deposition. **Federal Rule of Civil Procedure 30(b)(2)** states that "[t]he notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Auto-Owners' Rule 30(b)(6) Notice of Deposition constituted a formal document request because Auto-Owners supplemented the notice with a Rule 34 document request as required by Rule 30(b)(2).

Kokak's representatives appeared at the deposition on April 30, 2019. However, Kokak

failed to produce a single document at the deposition. Kokak first was served with Exhibit B in March of 2019. It neither objected to the production of the documents nor moved for a protective order. Auto-Owners sent a letter on May 15, 2019 demanding production of "all documents requested in Exhibit B," in addition to specific documentation that was discussed during the deposition. Kokak did not produce any responsive documents until June 18, 2019, after discovery had closed and Auto-Owners had filed the motion to compel. There is no dispute that Kokak's production of documents on June 18 was untimely. However, Kokak contends that all the requested documents have been produced, are in the possession of Auto-Owners, or are not in Kokak's possession.

Kokak's representatives filed affidavits claiming that they have produced all of the documentation in their "possession." Auto-Owners contends that Rule 34 is much broader than just "possession." Rather, it requires Kokak "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents or electronically stored information "in the responding party's possession, custody, or control." **Federal Rule of Civil Procedure 34(a)(1).** "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." ***Walls v. Paulson,*** 250 F.R.D. 48, 50 (D.D.C. 2008) (citing ***In re Bankers Trust Co.,*** 61 F.3d 465, 469 (6th Cir. 1995)); ***U.S. v. Approximately $7,400 in U.S. Currency,*** 274 F.R.D. 646, 647 (E.D. Wis. 2011). "Control means the legal right to obtain documents upon demand." ***Central States, Southeast and Southwest Areas Health and Welfare Fund v. Neurobehavioral Associates, P.A.,*** 1997 WL 757879, at *3 (N.D. Ill. 1997). "Nonetheless, a document is not in a party's possession, custody or control if the document does not exist." ***Miller v. City of Plymouth,*** 2010 WL 1754028, at

*14 (N.D. Ind. 2010).

Auto-Owners contends that its motion to compel is aimed at forcing Kokak to produce responsive documents that are in existence and are within Kokak's control. Auto-Owners has indicated that the documents sought routinely would be in Kokak's possession, custody, or control. For example, it indicated that those documents include, but are not limited to, contracts, leases, deeds, insurance applications and policies, claims documents, land purchase and financing documents for the subject property, and building permits. (DE 31, Exh. G). Moreover, Auto-Owners has cited sworn testimony from Kokak's representatives that led it to reasonably believe that Kokak was in possession of documentation that it did not produce in its initial disclosures.

The court recognizes that "[a] party need not produce documents or tangible things that are not in existence or within its control." ***Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.***, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (citations omitted). The affidavits of Kokak's representatives attest that after conducting a reasonable search of their records, they produced all the documents in their possession that were responsive to the Rider and the May 15, 2019 letter. However, Kokak has not maintained that of the documents requested it has no legal right, or that they are not within its custody or control. To the extent that Kokak has not produced documents that are within its legal control, it must do so, even if it does not currently have physical possession of them.

Auto-Owners represents that the remaining requests found in Exhibit B include request numbers 10, 13, 14, 17, 18, 19, 20, 22, 23, 27, 28, and 29, as well as requests 9 and 10 found in the May 15 letter. Accordingly, the court **ORDERS** Kokak to make a good faith and reasonable effort to obtain and produce the documents that are within its legal control. If Kokak does not

7

control a certain document, it should notify Auto-Owners of that fact and also should explain what efforts were made to locate the document.

Auto-Owners has requested reasonable expenses associated with this discovery dispute. "The great operative principle of Rule 37(a)(5) is that the loser pays." Charles Alan Wright *et al.*, *8B Federal Practice and Procedure Civil* § 2288 at 787 (3d ed. 2014). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." ***Rickels v. City of South Bend, Ind.***, 33 F.3d 785, 787 (7th Cir. 1994). Federal Rule 37(a)(5)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel. *See* ***Stookey v. Teller Training Distribs., Inc.***, 9 F.3d 631, 637 (7th Cir. 1993) (citing the prior section number) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Sanctions under Rule 37(a)(5) are appropriate unless the movant filed the motion without attempting in good faith to obtain the discovery without court action, the party's nondisclosure was "substantially justified," or other circumstances make an expense award unjust. **Federal Rule of Civil Procedure 37(a)(5)(A)(i)-(iii)**.

Auto-Owners filed the motion to compel without attempting in good faith to obtain the discovery. "A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody v. C & R. Plating Corp.,* 2010 WL 3184392, at *1 (N.D. Ind. 2010) (citation and internal quotation marks omitted). A single letter sent to Kokak demanding production of the documents prior to seeking court intervention does not satisfy the good faith requirement of Rule 37. Therefore, Auto-Owners' request for reasonable expenses incurred in making the motion to compel is **DENIED.**

Based on the foregoing reasons, the Motion to Compel Production of Documents from Plaintiff [DE 26] is **GRANTED in part and DENIED in part**, and the Motion to Strike Plaintiff's Untimely Response to Motion to Compel [DE 32] is **DENIED.**

ENTERED this 17th day of September, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge