UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KOKAK LLC D/B/A PROFESSIONAL
VAULT STORAGE,

          Plaintiff,

    v.                       CAUSE NO.: 2:18-CV-177-TLS

AUTO-OWNERS INSURANCE
COMPANY,

          Defendant.

**OPINION AND ORDER**

This matter is before the Court on eight Motions filed by the parties in conjunction with the Defendant's Motion for Summary Judgment [ECF No. 45]:

1. The Plaintiff's Motion to Strike Exhibits and Purported Undisputed Facts [ECF No. 47];

2. The Defendant's Motion for Leave to File Supplemental Designation of Evidence [ECF No. 53];

3. The Defendant's Motion to Strike Certain Portions of Plaintiff's Designation of Evidence [ECF No. 54];

4. The Plaintiff's Motion to Strike Portions of Defendant's Reply in Support of Its Motion for Summary Judgment [ECF No. 59];

5. The Plaintiff's Motion to Supplement its Appendix [ECF No. 61];

6. The Plaintiff's Motion for Leave to File a Sur-Reply [ECF No. 62];

7. The Plaintiff's Motion to Strike Portions of the Defendant's Replies (Doc 63 and Doc 64) to its Motions to Supplement Evidence and Strike the Plaintiff's Evidence [ECF No. 68];

8. The Plaintiff's Second Motion for Leave to File a Sur-Reply to the Defendant's Reply in Support of the Defendant's Motion to Strike the Plaintiff's Evidence [ECF No. 70].

In general, "[a] party who wishes to argue that portions of a statement of genuine issues contain errors or are inadmissible on evidentiary grounds may file a motion to strike those portions of the statement of genuine issues." *Mayes v. City of Hammond, Indiana*, 442 F. Supp. 2d 587, 596 (N.D. Ind. 2006) (citing *Goltz v. Univ. of Notre Dame du Lac*, 177 F.R.D. 638, 640 (N.D. Ind. 1997)); *see also* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

However, "it is the function of a court, with or without a motion to strike, to review carefully both statements of material facts and statements of genuine issues . . . and to eliminate from consideration any argument, conclusions, and assertions unsupported by the documented evidence of record offered in support of the statement." *Mayes*, 442 F. Supp. 2d at 596 (collecting cases); *accord Potts v. A & A Mfg. Co. Inc.*, No. 2:07-CV-167, 2010 WL 427762, at *1 (N.D. Ind. Jan. 29, 2010); *see also Vaught v. Quality Corr. Care, LLC*, No. 1:15-CV-346, 2018 WL 1900153, at *2 (N.D. Ind. Apr. 19, 2018) ("Because the Court is able to distinguish which exhibits, affidavits, statements, and commentary may properly be considered when

deciding whether summary judgment is appropriate, the Court declines to strike these statements from the Plaintiff's Memorandum.").

The Motions often interrelate to each other; all the Motions relate to evidence or argument submitted in support or opposition to Summary Judgment. The Court has reviewed all the parties' submissions. Therefore, the Court will grant all the motions to supplement the evidence or file sur-replies and will evaluate any objections to submissions during the course of the Court's review of the Motion for Summary Judgment.

The Court GRANTS the Defendant's Motion for Leave to File Supplemental Designation of Evidence [ECF No. 53]; the Plaintiff's Motion to Supplement its Appendix [ECF No. 61]; the Plaintiff's Motion for Leave to File a Sur-Reply [ECF No. 62]; and the Plaintiff's Second Motion for Leave to File a Sur-Reply to the Defendant's Reply in Support of the Defendant's Motion to Strike the Plaintiff's Evidence [ECF No. 70].

The Court also DENIES WITHOUT PREJUDICE the Plaintiff's first Motion to Strike Exhibits and Purported Undisputed Facts [ECF No. 47]; the Defendant's Motion to Strike Certain Portions of Plaintiff's Designation of Evidence [ECF No. 54]; the Plaintiff's Motion to Strike Portions of Defendant's Reply in Support of Its Motion for Summary Judgment [ECF No. 59]; the Plaintiff's Motion to Strike Portions of the Defendant's Replies (Doc 63 and Doc 64) to its Motions to Supplement Evidence and Strike the Plaintiff's Evidence [ECF No. 68].

SO ORDERED on March 31, 2021.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT